**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **NICOL ADAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 4:26-cv-01884** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **STELLA ENVIRONMENTAL SERVICES, LLC,** | ) | |
| | ) | |
| | ) | **Jury Trial Demanded** |
| **Defendant.** | ) | |

**COMPLAINT**

Plaintiff, Nicol Adams ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Stella Environmental Services, LLC ("Defendant"), and in support states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), seeking redress for Defendant's sex-based discrimination and sex-based harassment.

2. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq. ("ADA"), seeking redress for Defendant's disability-based discrimination, disability-based harassment, failure to accommodate Plaintiff's disability, and retaliation against Plaintiff for engaging in protected activity under the ADA.

3. This lawsuit further arises under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA"), seeking redress for Defendant's interference with Plaintiff's FMLA rights.

**JURISDICTION AND VENUE**

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This action is

authorized and instituted pursuant to Title VII, 42 U.S.C. § 2000e-5 *et seq*., ADA, 42 U.S.C. § 12101 *et seq*, and FMLA, 29 U.S.C. § 2601 *et seq*.

5. Venue of this action properly lies in the Eastern District of Missouri, pursuant to 28 U.S.C. § 1391(b) because Defendant operates and transacts business in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent jurisdiction have occurred or been satisfied.

7. Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"), attached hereto as Exhibit "A."

8. Plaintiff received a Notice of Right to Sue from the EEOC, attached hereto as Exhibit "B."

9. Plaintiff filed this Complaint within ninety (90) days of her receipt of the EEOC's Notice of Right to Sue.

## PARTIES

10. At all times relevant to the allegations of this Complaint, Plaintiff, Nicol Adams, was a natural person, over 18-years-of-age, who resided in Bond County, Illinois.

11. At all times relevant to the allegations of this Complaint, Defendant, Stella Environmental Services, LLC, was a limited liability company specializing in transfer station management and logistics services, that operated a location at 300 Humbolt Ave., St. Louis, Missouri, where Plaintiff was employed.

12. Plaintiff was employed by Defendant as an "employee" within the meaning of Title VII, 42 U.S.C. § 2000e(f), and the ADA, 42 U.S.C. § 12111(4).

13. During the applicable limitations period, Defendant has had at least fifteen

employees, has been an "employer" as defined by the ADA, 42 U.S.C. § 12101, *et seq.*, and Title VII, 42 U.S.C. § 2000e, *et seq.*, and has been engaged in an industry affecting commerce within the meaning of the ADA, 42 U.S.C. § 12111(5)(A), and Title VII, 42 U.S.C. § 2000e(b).

14. At all times relevant to Plaintiff's FMLA claims, Defendant was an employer within the meaning of the FMLA and employed fifty (50) or more employees within seventy-five (75) miles of Plaintiff's worksite.

15. At all times relevant to Plaintiff's FMLA claims,

**BACKGROUND FACTS**

16. Plaintiff was employed by Defendant as a Heavy Equipment Operator from on or about August 22, 2022, until her unlawful termination on or about December 15, 2025.

17. As a Heavy Equipment Operator, Plaintiff's duties included but were not limited maintaining the flow of trucks through the warehouse, operating the loader, and operating the excavator.

18. Based upon information and belief, Plaintiff met or exceeded Defendant's performance expectations during the entire duration of their employment.

19. Plaintiff had worked as a heavy equipment operator at the same job site since in or around 2001.

20. However, ownership of the jobsite and company changed over the years, including but not limited to Bealman Trucking, KRD and ultimately Defendant.

21. Plaintiff's job duties remained the same after Defendant took over the jobsite in or around 2022.

22. Plaintiff regularly worked approximately fifty-four (54) to sixty (60) hours per week for Defendant.

23. Plaintiff was eligible for FMLA leave as of September 2023.

24. At all times relevant, Dennis Vaughn ("Vaughn") was Defendant's General Manager and Plaintiff's supervisor.

25. Plaintiff suffers from a physical impairment, a heart condition, which caused Plaintiff to suffer a heart attack and requires ongoing follow-up medical treatment.

26. Plaintiff's disability substantially limits one or more major life activities, including but not limited to the operation of her cardiovascular and circulatory functions.

27. Regardless of Plaintiff's disability, she was able to perform the essential functions of her position with or without reasonable accommodation.

28. At all times relevant to this Complaint, Plaintiff was a "qualified individual" as defined under the ADA.

29. On or about May 29, 2025, Plaintiff suffered a heart attack after work.

30. Plaintiff was hospitalized from on or about May 29, 2025, until on or about June 3, 2025, for treatment to clear her arteries.

31. Plaintiff sustained permanent cardiac damage from this heart attack, including a "dead spot" on her heart and an enlarged left ventricle.

32. While Plaintiff was hospitalized, Vaughn repeatedly called Plaintiff and pressured her to return to work immediately.

33. Vaughn's calls were persistent, and he asked Plaintiff daily when she would return to work.

34. Vaughn's repeated calls increased Plaintiff's stress during her recovery.

35. Defendant did not have an in-house human resources department, and its human resources functions were managed through ADP.

36. Plaintiff contacted ADP to inform Defendant of her medical emergency.

37. Plaintiff also inquired about potential assistance with supplemental insurance during her recovery.

38. At no time did Defendant offer Plaintiff any accommodation.

39. On or about June 9, 2025, Plaintiff returned to work after receiving full clearance from her doctors.

40. After Plaintiff returned to work, Vaughn ceased speaking with Plaintiff directly.

41. Vaughn instead communicated with Plaintiff primarily through another operator, Cornell (last name unknown).

42. Vaughn began blaming Plaintiff for equipment breakdowns.

43. This equipment was used seven days a week without proper maintenance.

44. Vaughn was aware that Plaintiff needed to attend follow-up medical appointments related to her heart attack.

45. Plaintiff scheduled her follow-up medical appointments on Thursdays, which were typically the slowest day at work.

46. Plaintiff feared if she requested or took additional time to recover, she would lose her job.

47. In or around July 2025, Defendant wrote Plaintiff up for attendance.

48. Vaughn knew that Plaintiff's absences were necessary for follow-up care related to her heart attack.

49. The July 2025 write-up was the first and only write-up of Plaintiff's career.

50. After Plaintiff's heart attack, the work environment became increasingly hostile.

51. In or around September 2025, Vaughn hired Josh (last name unknown), a male,

non-disabled operator who was Vaughn's personal friend.

52. Vaughn treated Plaintiff less favorably than Josh.

53. After Josh was hired, the work environment became more hostile toward Plaintiff.

54. In or around November 2025, approximately three weeks before Plaintiff's termination, Vaughn hired Mike (last name unknown), a male, non-disabled operator.

55. At that time, Vaughn informed Plaintiff that she was no longer allowed to operate the loader.

56. Operating the loader had been part of Plaintiff's regular duties.

57. Vaughn restricted Plaintiff to operating the excavator.

58. On or about December 15, 2025, Vaughn terminated Plaintiff's employment.

59. Vaughn stated that jobs were being cut across the board.

60. Defendant retained Josh and Mike.

61. Josh and Mike had much shorter tenures than Plaintiff.

62. Josh and Mike had less experience than Plaintiff and were less qualified for the heavy equipment operator role.

63. Plaintiff has performed her role for over 20 years prior to her termination.

64. Defendant knew of Plaintiff's disability because Plaintiff was hospitalized following her heart attack and Vaughn was aware of her heart attack and her need for follow-up medical treatment.

65. Plaintiff requested the reasonable accommodation of time off to attend follow-up medical appointments related to her heart condition.

66. Defendant failed to engage in the interactive process.

67. Defendant failed to provide Plaintiff a reasonable accommodation.

68. Plaintiff engaged in protected activity under the ADA by requesting accommodation.

69. Defendant subjected Plaintiff to discipline, harassment, the removal of her loader duties, and termination because of Plaintiff's disability and/or protected activity.

70. Plaintiff is female.

71. Defendant subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected classes

72. Since at least on or about May 29, 2025, until Plaintiff's termination on or about November 25, 2025, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class and has been subjected to a hostile work environment on the basis of sex, violating Title VII and Section 1981.

73. Defendant subjected Plaintiff to discipline, the removal of her loader duties, and termination.

74. Defendant subjected Plaintiff to sex-based harassment, including hostile treatment by Vaughn and differential treatment favoring newly hired male operators.

75. Ultimately, on or about November 25, 2025, Plaintiff was terminated on the basis of her disability, sex, and engaging in protected activity as described above.

76. Defendant's stated reason for terminating Plaintiff was a pretext for discrimination based on Plaintiff's sex and disability.

77. Plaintiff was retaliated against, and her employment was ultimately terminated for exercising her protected rights.

78. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment.

79. Plaintiff was targeted for termination because of her disability, sex, and for engaging in protected activity.

80. Plaintiff suffered multiple adverse employment actions including but not limited to being terminated.

81. There is a basis for employer liability for the discrimination, harassment, and retaliation that Plaintiff was subjected to.

82. Plaintiff can show that she engaged in statutorily protected activity – a necessary component of her retaliation claim, because she requested reasonable accommodations.

83. The temporal proximity between Plaintiff's protected activity and her termination gives rise to a strong inference that the termination was motivated by her protected class and engagement in protected activity.

84. At all relevant times, Vaughn was Plaintiff's supervisor, and managerial employees of Defendant have the authority to make and implement final employment decisions, including the authority to terminate Plaintiff's employment.

85. Accordingly, because unlawful discrimination and retaliation were carried out by Plaintiff's supervisor acting within the scope of their employment, Defendant is strictly liable for the discriminatory conduct and termination decision.

## COUNT I
## Violation of Title VII of the Civil Rights Act of 1964
## (Sex-Based Discrimination)

86. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

87. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII").

88. Plaintiff was a member of a protected class under Title VII due to Plaintiff's sex.

89. Plaintiff was qualified for her position as Heavy Equipment Operator.

90. Plaintiff met or exceeded performance expectations.

91. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

92. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex and protected activity.

93. Defendant acted in willful and reckless disregard for Plaintiff's protected rights.

94. Under Title VII, Defendant is strictly liable Dennis Vaughn's unlawful discrimination and harassment.

95. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT II**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Sex-Based Harassment)**

96. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

97. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII").

98. Plaintiff was a member of a protected class under Title VII due to Plaintiff's sex, female.

99. The harassment was unwelcome.

100. The harassment was subjectively and objectively offensive.

101. The harassment was severe or pervasive.

102. Defendant knew or should have known of the harassment.

103. Defendant acted in willful or reckless disregard of Plaintiff's protected rights.

104. Under Title VII, Defendant is strictly liable for Dennis Vaughn's unlawful discrimination and harassment.

105. As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT III**
**Violation of the Americans with Disabilities Act**
**(Disability-Based Discrimination)**

106. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

107. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. ("ADA").

108. Plaintiff was a member of a protected class under the ADA due to Plaintiff's disability.

109. Plaintiff was a qualified individual with a disability under the ADA.

110. Plaintiff met or exceeded performance expectations.

111. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

112. Defendant terminated discharged Plaintiff's employment on the basis of Plaintiff's disability and protected activity.

113. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

114. Defendant acted in willful and/or reckless disregard for Plaintiff's protected rights.

115. Under the ADA, Defendant is strictly and/or vicariously liable for Dennis Vaughn's unlawful discrimination and harassment.

116. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
**Violation of the Americans with Disabilities Act**
**(Disability-Based Harassment)**

117. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

118. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*. ("ADA").

119. Plaintiff was a member of a protected class under the ADA due to Plaintiff's disability.

120. Defendant knew or should have known of the harassment.

121. The disability-based harassment was severe or pervasive.

122. The disability-based harassment was offensive subjectively and objectively.

123. Defendant acted in willful and reckless disregard for Plaintiff's protected rights.

124. Under the ADA, Defendant is strictly and/or vicariously liable for Dennis Vaughn's

unlawful discrimination and harassment.

125. As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT V**
**Violation of the Americans with Disabilities Act**
**(Failure to Accommodate)**

126. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

127. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*. ("ADA").

128. Plaintiff was a member of a protected class under the ADA due to Plaintiff's disability.

129. Plaintiff was a qualified individual with a disability under the ADA.

130. Plaintiff was qualified for their position with or without reasonable accommodation.

131. Defendant was aware of the disability and the need for accommodation.

132. Defendant failed to engage in the interactive process to determine the appropriate accommodation after Plaintiff requested reasonable accommodation.

133. Plaintiff's reasonable accommodation that was requested was not an undue burden on Defendant.

134. Defendant did not accommodate Plaintiff's disability.

135. Defendant acted in willful and/or reckless disregard for Plaintiff's protected

rights.

136. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT VI
**Violation of the Americans with Disabilities Act**
**(Retaliation)**

137. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

138. By virtue of the conduct alleged herein, Defendant retaliated against Plaintiff based on Plaintiff requesting reasonable accommodations, thereby violating the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*. (“ADA”).

139. Plaintiff was a member of a protected class under the ADA due to Plaintiff’s disability.

140. During Plaintiff’s employment with Defendant, Plaintiff suffered a heart attack and requested reasonable accommodations regarding her heart condition.

141. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the ADA.

142. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

143. Specifically, Plaintiff was ultimately terminated after she engaged in protected activity.

144. Defendant terminated Plaintiff’s employment on the basis of Plaintiff’s disability.

145. Defendant’s retaliatory conduct toward Plaintiff illustrated a willful and/or reckless

violation of the ADA.

146. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and award the following relief:

a. Back pay with interest;
b. Payment of interest on all back pay recoverable;
c. Front pay;
d. Loss of benefits;
e. Compensatory and punitive damages;
f. Reasonable attorneys' fees and costs;
g. Award pre-judgment interest if applicable; and
h. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated: October 30, 2026.

*/s/ Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
SULAIMAN LAW GROUP LTD.
2500 South Highland Avenue, Suite 200,
Lombard, Illinois 60148
Phone (630) 575 - 8181
Fax (630) 575 – 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*